NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA C. JUAREZ, | Hon. Claire C. Cecchi |
| Plaintiff, | OPINION |
| v. | Civil Action No. 2:11-cv-03967-CCC-JAD |
| FED EX, | |
| Defendant. | |

**DICKSON, U.S.M.J.**

This matter comes before the Court on the Application of Plaintiff Maria C. Juarez ("Plaintiff") for the Appointment of *Pro Bono* Counsel. ECF No. 7. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions, and based upon the following, it is the finding of this Court that Plaintiff's Application is **denied**.

**I.     BACKGROUND[1]**

This matter involves a *pro se* litigant's application for appointment of *pro bono* counsel. Plaintiff filed a Complaint on July 11, 2011, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). ECF No. 1. This Court issued an Order administratively terminating Plaintiff's Complaint on December 22, 2011, for failure to sign her Complaint. ECF No. 2. Plaintiff re-filed her Complaint on December 29, 2011, and this Court thereafter issued an Order on January 4, 2012, reopening the case and granting Plaintiff permission to proceed *in forma pauperis* ("IFP"). ECF No. 4.

---
[1] The facts have been taken from the parties' respective submissions.

1

Plaintiff was an employee at Fed Ex ("Defendant") for ten years. Pl.'s Compl. Attach. 2 at 3, ECF No. 1-2.[2] On March 12, 2010, she was involved in a violent altercation with a fellow employee, and was subsequently terminated on March 17, 2010. Compl. Attach. 2 at 3, 9, ECF No. 1-2. Her Complaint states that the employee had harassed her for approximately two years and that she had made numerous complaints to Defendant's management regarding the situation. Compl. at 3, ECF No. 1.

Plaintiff alleges wrongful termination of her employment as a result of racial and sexual discrimination, in violation of Title VII. Compl. Attach. at 1, 3, ECF No. 1-1. Specifically, Plaintiff alleges she was the victim of prolonged harassment by a fellow employee at Fed Ex, and that the Defendant's failure to remedy the harassment was due to discrimination based on her race and gender. Compl. at 3, ECF No. 1. Plaintiff's application for *pro bono* counsel was filed on January 25, 2012, and is now before this Court. ECF No. 7.

## II.  **LEGAL STANDARD**

Civil litigants possess neither a constitutional nor statutory right to appointed counsel. *E.g., Parham v. Johnson*, 126 F.3d 454, 456-57 (3rd Cir. 1997). However, district courts are granted broad discretion to request the appointment of attorneys to represent indigent civil litigants, and may appoint counsel *sua sponte* at any point in litigation. 28 U.S.C. §1915(d), (e)(1). When determining whether appointment of *pro bono* counsel is warranted, this Court must follow the framework established in *Tabron v. Grace*, 6 F.3d 147, 160 (3rd Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994). First, as a threshold matter, the Court must determine that the plaintiff's claim "has arguable merit in fact and law." *Id.* at 155. If the claim has merit, the Court must then consider the other *Tabron* factors: (1) the plaintiff's ability to present his case;

---

[2] Plaintiff's Complaint includes an Exhibit containing materials used for a previous EEOC charge filed against the Defendant.

(2) the complexity of the legal issues; (3) the extent of factual discovery; (4) the extent the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his own behalf. *Id.* at 155-56. "[C]ourts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458.

### III.  DISCUSSION

As an initial matter, this Court must first determine whether Plaintiff's Complaint is meritorious. When evaluating the merit of a *pro se* plaintiff's complaint, courts traditionally give "greater leeway where they have not followed the technical rules of pleading and procedure." *Tabron*, 6 F.3d at 154; *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that civil rights allegations by a *pro se* plaintiff may not be dismissed as meritless unless it is beyond doubt he can prove no facts in support of his claim), *reh'g denied*, 405 U.S. 948 (1972). The Court notes that Plaintiff's Complaint survived the initial screening process associated with *in forma pauperis* applications and that Defendant filed an answer. For the purposes of this opinion only, the Court will assume that Plaintiff's Complaint has merit in both fact and law.

The Court will now consider Plaintiff's application for *pro bono* counsel in light of the factors enunciated in *Tabron*. A plaintiff's ability to present her own case is the most significant of the six *Tabron* factors. *E.g.*, *Bondarenko v. Hackensack Univ. Med. Ctr.*, Civ. No. 07-3753 (PGS), 2009 WL 2905373, at *2 (D.N.J. Sept. 4, 2009). Courts gauge a plaintiff's ability through a multitude of sub-factors, such as "education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. Additional factors considered by courts include "access to necessary resources like a typewriter, photocopier, telephone, and computer." *Parham*, 126 F.3d at 459. "Of course, the fact that an indigent party lacks a trial lawyer's skill

3

does not mean the court should grant her request for counsel." *See Gordon v. Gonzalez*, 232 Fed.Appx. 153, 157 (3rd Cir. 2007). Plaintiff fails to offer any information regarding her education in her application for *pro bono* counsel, but states in her IFP application that she has had 16 years of schooling. ECF Nos. 7, 1. Plaintiff's application similarly lacks any information regarding her prior work or litigation experience, and has no mention of limited access to necessary equipment. ECF No. 7. In regard to her ability, Plaintiff only argues that she is in need of *pro bono* counsel because of a language barrier, and requests a Spanish-speaking attorney. Pl.'s Appl. at 3, ECF No. 7. However, most of Plaintiff's submissions are handwritten in English and are coherent. She has also included a copy of a typewritten letter she sent to the Defendant, indicating she has access to a word-processor. Compl. Attach. 2 at 76. Her submissions to both the Court and Defendant indicate that Plaintiff is able to communicate effectively to request relief, and state a basis for that relief. *See Growalt v. Stop & Shop Supermarket*, Civ. No. 11-5882 (FSH), 2011 WL 5825769, at *2 (D.N.J. Nov. 15, 2011). Based on the lack of information provided in Plaintiff's application concerning the other aforementioned factors traditionally used to determine a *pro se* litigant's ability to present her case, the Court finds this factor weighs against Plaintiff.

Next, Plaintiff's Complaint does not involve complex legal issues. Plaintiff presents a routine employment discrimination case; the factual claims are easily understood, and Title VII claims generally do not involve complex legal issues. *See Bondarenko*, 2009 WL 2905373, at *3. The case law surrounding Title VII is not ambiguous and, particularly at this stage of litigation, there is nothing to suggest discovery or presentation of the case would be difficult or complex. *See Growalt*, 2011 WL 5825769, at *2. The Court is aware that a "Title VII claim involves shifting burdens that may become complex." *See Gonzalez v. Passaic Cnty. Prob.*, Civ.

4

No. 09-3215, 2010 WL 988722, at *3, *6 (D.N.J. Mar. 15, 2010). However at this stage of litigation, the complexity of legal issues is not yet apparent. Consequently, the second *Tabron* factor also weighs against Plaintiff.

The third *Tabron* factor concerns the degree to which factual investigation will be necessary, and the ability of Plaintiff to pursue that investigation. *Tabron*, 6 F.3d at 156. Plaintiff provides no evidence showing she is unable to undertake the necessary factual investigation. Plaintiff was a party to the incidents from which her claims arise, and she is thus familiar with the facts of the case. *See Gonzalez*, 2005 WL 2077294 at *7 (reasoning that the plaintiff's first-hand knowledge of events decreases his burden regarding factual discovery). Plaintiff's submissions to the Court demonstrate her ability to gather and submit materials relevant to her case. Therefore, the third *Tabron* factor also weighs against Plaintiff.

Fourth, courts must consider whether the case will be determined by credibility determinations. While credibility is always important, "when considering this factor, courts should determine whether the case [is] solely a swearing contest." *Parham*, 126 F.3d at 460. Plaintiff acknowledges that she physically struck a fellow employee, which resulted in her termination from Fed Ex. Compl. Attach. 2 at 9, ECF No. 1-2. Furthermore, her submissions include numerous communications from the Defendant acknowledging the situation. Compl. Attach. 2 at 66-68, ECF No. 1-2. The primary dispute at present does not revolve around a "swearing contest" between the parties but rather relates to the motivation behind Defendant's actions. *See Parham*, 126 F.3d at 460. Thereby, the fourth factor weighs against Plaintiff.

The fifth *Tabron* factor asks whether the case will require expert testimony. There is no indication at this stage of litigation that such testimony will be necessary, and thus this factor also weighs against Plaintiff.

5

The final factor considers whether Plaintiff can attain and afford counsel on her own. Plaintiff states, "Currently I am unemployed and cannot afford to personally hire a lawyer." Pl.'s Appl. at 5, ECF No. 7. However, Plaintiff does not assert that she has attempted to retain a lawyer on her own. Nonetheless, the Court notes that Plaintiff has been granted permission to proceed *in forma pauperis*, and therefore accepts Plaintiff's assertion that she does not possess sufficient income to retain her own counsel. Accordingly, this factor weighs in Plaintiff's favor.

Five of the six *Tabron* factors weigh against granting Plaintiff's application for *pro bono* counsel. Considered in light of the Third Circuit's admonition that volunteer counsel time is extremely valuable, and should not be appointed discriminately, the Court must deny Plaintiff's application. The Court notes, however, that pursuant to the authority granted by 28 U.S.C. §1915(d), the Court retains the discretion to appoint counsel at any point in the litigation *sua sponte*.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's application is **denied**. An appropriate Order accompanies this Opinion.

JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Claire C. Cecchi, U.S.D.J.